**FILED**

# UNITED STATES DISTRICT COURT

SEP 0 3 2015

for the

JULIE RICHARDS JOHNSTON, CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

Eastern District of North Carolina

| | |
|---|---|
| United States of America<br>v.<br><br>**NAXAJANI MARTINEZ**<br>A/K/A; Naxajani Alejo-Martinez, Naxiyani Alejo, Naxi<br>Martinez, Jani Martinez, Naxi and Jani<br><br>――――――――――――――――――<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 5:15-MJ-1942-RN |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ August 21, 2015 _____ in the county of _____ HARNETT _____ in the

_____ Eastern _____ District of _____ North Carolina _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1512 (c)(1) and (2) | Evidence tampering in violation of 18 U.S.C. § 1512 (c) (1) and (2). |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Jordan Wicks, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 9/3/15

_____
*Judge's signature*

City and state: Raleigh NC

Robert T Numbers II USMJ
*Printed name and title*

# AFFIDAVIT

This affiant, **SPECIAL AGENT JORDAN WICKS**, of the United States Army Criminal Investigations Division (CID), Fort Bragg CID Office, North Carolina, having been duly sworn, states the following:

1. Your Affiant is a civilian Special Agent (SA) of the U.S. Army Criminal Investigation Command (CID). I have been employed by CID since 2014 and am currently assigned to the Fort Bragg CID Office to investigate violations of federal law and violations of the Uniform Code of Military Justice (UCMJ). My duties include but are not limited to the investigation of sexual assault and rape violations which affect the United States Army. Between 2001 and 2005, this affiant was an active duty member of the United States Air Force as a Security Forces Member. From 2006 to 2014, this affiant worked for the Lincoln County Sheriff's Office in Missouri and the Maplewood Police Department, in St. Louis County, Missouri. I have approximately six years of experience as a civilian police detective and have received several thousand hours in advanced law enforcement training. I have personally conducted several thousand local, state, and federal investigations which have resulted in the arrest and conviction of numerous individuals for various criminal violations.

2. This affidavit is submitted for the limited purpose of establishing probable cause in support of a complaint and arrest warrant; therefore, I have not set forth each and every fact known to me concerning this investigation. I have included what I believe are facts sufficient for the present purpose. The information contained in this affidavit is based upon my personal knowledge and investigation, as well as information conveyed to me by other law enforcement agents, such as interviews of victims and witnesses.

## CRIMINAL OFFENSE

3. This affidavit is submitted in support of a criminal complaint charging Ms. Naxijani Martinez (Also Known As: "Naxajani Alejo-Martinez," "Naxiyani Alejo," "Naxi Martinez," "Jani Martinez," "Naxi," and "Jani") with evidence tampering in violation of 18 U.S.C. § 1512 (c) (1) and (2).[1]

---

[1] 18 USC §1512(c) Whoever corruptly –
  (1) Alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so with the intent to impair the object's integrity or availability for use in an official proceeding; or
  (2) Otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both.

## INVESTIGATION

4. On 2/24/2015, Deborah Reyes reported to the Spring Lake Police Department located in Spring Lake, North Carolina, that she had been sexually assaulted by her husband, Mr. Marco Reyes (hereinafter REYES).

5. On 6/24/2015, Mrs. Reyes provided CID SA David Morton with copies of text messages between her and REYES. The texts were dated 2/24/2015, which is the date she initially reported the sexual assault. In reference to the assault, Mrs. Reyes confronted REYES in the text messages, stating, "Not funny, you really hurt me. Why did you do that?" REYES replied, "I am horny." Mrs. Reyes continued by stating she "didn't want it" and she was still in pain. REYES replied that he was "sorry." Mrs. Reyes texted, "I told you it hurt and to stop. Why didn't you?" REYES replied that it "felt so good."

6. On 7/29/2015, the investigation uncovered a second victim. Ms. Dakota Mock was interviewed by CID SA Morton and disclosed she had been sexually assaulted by REYES on three separate occasions. Ms. Mock advised she met REYES though an online dating website and they had maintained an online relationship for approximately one and a half years, prior to meeting in person. She detailed brutal physical assaults occurring between the approximate dates of the January and June of 2015.

7. On 7/29/2015, REYES was arrested by Harnett County Sheriff's Office in Harnett County, North Carolina, for the offenses of Felony Financial Card Theft and Felony Obtaining Property – False Pretense. These charges stem from an allegation of made by a Ms. Jacqueline Alexander. Ms. Alexander additionally alleged that REYES contacted her from the Harnett County Jail and attempted to convince her to stop pursuing criminal charges against him pertaining to the financial theft.

8. On 7/30/2015, the investigation uncovered a third sexual assault victim, Ms. Andrea Cordray-Rea, located in Oregon City, Oregon. Ms. Cordray-Rea informed law enforcement that she had dated REYES prior to his entering the Army. She stated that REYES had attempted to initiate sexual contact with her, which she declined, but REYES then became angry and then assaulted her and forced his penis inside of her vagina.

9. On 7/30/2015, SA Wicks and CID SA Morton interviewed Ms. Alexander, the financial victim of REYES who had reported the theft to Harnett County law enforcement. It was determined that Ms. Alexander was a fourth sexual assault victim as well. Ms. Alexander advised that she had been sexually assaulted by REYES on or about April 2015.

10. On 7/31/2015, SA Wicks interviewed REYES, who had been released by Harnett County on bond. After being advised of his Miranda rights, REYES waived these rights and agreed to speak with SA Wicks. During this interview, REYES made admissions regarding sexually assaulting Mrs. Reyes, Ms. Cordray-Rey, Ms. Mock, and Ms. Alexander. Afterwards,

REYES was arrested by military authorities based upon sexual assault violations under Article 120 of the Uniform Code of Military.

11. On 8/4/2015, SA Morton interviewed Mrs. Reyes about REYES use of digital media. Mrs. Reyes confirmed that she had communicated with REYES via text and that he had used his cell phone. She additionally described what was confirmed to be a laptop "Panasonic Toughbook" that REYES owned. She witnessed REYES connect his cell phone to this device on numerous occasions. Your affiant, through experience and training, is aware that data is often transferred between cell phones and computers or laptops when connected together.

12. On 8/5/2015, SA Wicks and Detective Kendra Coker of the Harnett County Sheriff's Office, executed a state issued search warrant at REYES' residence, located at 343 Washington Lane, Cameron, North Carolina 28326.[2] The search warrant authorized the seizure of electronics, specifically the above-described Panasonic Toughbook. Upon executing the above listed search warrant, a rear window was found to be broken at the residence and the interior of the residence was in disarray. Cabinets were found to be left open and it appeared as though the contents had been removed in a hurry. All electronics, including the Panasonic Toughbook, were missing from the home, however, electronic device wires were observed still protruding from outlets, a power strip surge protector, and a computer modem which had been left behind.

13. On 8/5/2015, SA Wicks interviewed the neighbor of REYES. This neighbor informed SA Wicks that on or about 7/31/2015, REYES' girlfriend, Ms. Naxijani Martinez (hereinafter MARTINEZ) arrived at REYES' residence, seemed to be in a hurry, and had asked the neighbor if REYES kept a spare key to REYES' residence somewhere. The neighbor stated that MARTINEZ broke the rear window to the REYES' residence and made entry. MARTINEZ then hurriedly removed a large number of items from the home and loaded them into her white passenger vehicle.

14. On 8/6/2015, SA Wicks and CID SA Zbinden-Brassard located the sister of MARTINEZ, in Sanford, North Carolina. MARTINEZ' sister informed your affiant that MARTINEZ was residing at 706 Red Oak Farm Road, Tar Heel, North Carolina 28392.[3] MARTINEZ' sister further informed SA Wicks that MARTINEZ routinely used their father's small white passenger vehicle.

15. On 8/6/2015, SA Wicks and SA Zbinden-Brassard met with Bladen County Sheriff's Office, Corporal Daniel Clark and Deputy Channing Willaughby, and requested they respond to MARTINEZ's residence. Upon arriving at MARTINEZ's home, REYES' Dodge Durango

---

[2] Your affiant has confirmed that this address is in in Harnett County, within the Eastern District of North Carolina.

[3] Your affiant has confirmed that this address is in in Bladen County, within the Eastern District of North Carolina.

Case 5:15-mj-01942-RN   Document 1   Filed 09/03/15   Page 4 of 11

was located in front of the home, as well as a small white passenger vehicle, consistent with the description provided by REYES' neighbor and MARTINEZ' sister.

16. SA Wicks obtained written consent to search the residence from both MARTINEZ and her father, who was present at the residence. Prior to beginning the search, MARTINEZ admitted that she had entered REYES' residence and removed various items, however, she denied having removed any computer or electronics. Upon conducting a search of the master bedroom closet, belonging to MARTINEZ' father, Corporal Clark located a pink diaper bag hidden behind several items of clothing. Inside of the bag were the following items:

- Panasonic Toughbook, S/N: CF - YCZC3003 9AKYB27279 AB – 0123456789
- X-Box 360, S/N: 077954303008

17. MARTINEZ confirmed that the items belonged to REYES and stated she hid the items several days prior so her children would not find them. After being confronted about her truthfulness, MARTINEZ again said she had simply hid the items from her children. SA Wicks then verified with MARTINEZ' father that his daughter had hidden the items just prior to law enforcement's arrival. After being confronted with her father's statement, MARTINEZ stated that on 7/31/2015, she had removed some of REYES' personal belongings from his residence. Afterwards, REYES called her from the jail where he was confined and specifically asked if she had removed the computer.[4] MARTINEZ stated she had not, at which time REYES told her to go back to the residence and remove the computer, and if she did not, he would be in "big trouble." MARTINEZ confirmed that her sister had called and warned her that law enforcement were enroute to her father's home so she hid the items.

18. On 8/21/2015, one of REYES' victims, Ms. Alexander, contacted SA Zbinden-Brassard and informed him she had received a call from an unknown female demanding that Ms. Alexander stop pursuing criminal charges against REYES. The phone call had been from a restricted phone number however the anonymous caller identified herself as being a friend of REYES' current girlfriend. Ms. Alexander stated she was in fear based on her knowledge of REYES' violent tendencies and not knowing if the anonymous caller knew where she lived. SA Zbinden-Brassard confirmed with Verizon Wireless that the restricted phone call originated from phone number 910-549-1367, which Army CID previously verified as belonging to MARTINEZ.

19. On 8/21/2015, SA Wicks and SA Zbinden-Brassard again interviewed MARTINEZ. MARTINEZ initially denied having contacted Ms. Alexander. Once confronted with the fact that blocking a phone number did not prevent law enforcement from determining where the

---

[4] At this time, REYES had been arrested by the military, however he was being confined temporarily at the Cumberland County Jail awaiting transportation to Camp Lejeune Marine Corp Base as the military prosecution moved towards scheduling of an Article 32 hearing.

call originated from, MARTINEZ admitted she had contacted Ms. Alexander as well as another victim, Mrs. Reyes. MARTINEZ admitted she had done this in an attempt to dissuade them from pursuing criminal charges against REYES.

20. On 9/2/2015, SA Wicks met with SA Jonathan Benbow, U.S. Army CID Digital Forensic Examiner. While the forensic examination of the Panasonic Toughbook was not yet complete, it was confirmed that there existed on the Panasonic Toughbook evidence assisting in corroborating information provided by a victim of sexual assault, committed by REYES.

## CONCLUSION

21. Based on the foregoing, your affiant respectfully asserts that there is probable cause to believe MARTINEZ committed offenses in violation of 18 U.S.C. § 1512 (c) (1) and (2).

JORDAN WICKS
Special Agent, U.S. Army CID

Subscribed and sworn before me this 3rd day of September, 2015, in Raleigh, North Carolina.

ROBERT T. NUMBERS, II
United States Magistrate Judge

# AFFIDAVIT

This affiant, **SPECIAL AGENT JORDAN WICKS**, of the United States Army Criminal Investigations Division (CID), Fort Bragg CID Office, North Carolina, having been duly sworn, states the following:

1. Your Affiant is a civilian Special Agent (SA) of the U.S. Army Criminal Investigation Command (CID). I have been employed by CID since 2014 and am currently assigned to the Fort Bragg CID Office to investigate violations of federal law and violations of the Uniform Code of Military Justice (UCMJ). My duties include but are not limited to the investigation of sexual assault and rape violations which affect the United States Army. Between 2001 and 2005, this affiant was an active duty member of the United States Air Force as a Security Forces Member. From 2006 to 2014, this affiant worked for the Lincoln County Sheriff's Office in Missouri and the Maplewood Police Department, in St. Louis County, Missouri. I have approximately six years of experience as a civilian police detective and have received several thousand hours in advanced law enforcement training. I have personally conducted several thousand local, state, and federal investigations which have resulted in the arrest and conviction of numerous individuals for various criminal violations.

2. This affidavit is submitted for the limited purpose of establishing probable cause in support of a complaint and arrest warrant; therefore, I have not set forth each and every fact known to me concerning this investigation. I have included what I believe are facts sufficient for the present purpose. The information contained in this affidavit is based upon my personal knowledge and investigation, as well as information conveyed to me by other law enforcement agents, such as interviews of victims and witnesses.

## CRIMINAL OFFENSE

3. This affidavit is submitted in support of a criminal complaint charging Ms. Naxijani Martinez (Also Known As: "Naxajani Alejo-Martinez," "Naxiyani Alejo," "Naxi Martinez," "Jani Martinez," "Naxi," and "Jani") with evidence tampering in violation of 18 U.S.C. § 1512 (c) (1) and (2).[1]

---

[1] 18 USC §1512(c) Whoever corruptly –

    (1) Alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so with the intent to impair the object's integrity or availability for use in an official proceeding; or

    (2) Otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so,

shall be fined under this title or imprisoned not more than 20 years, or both.

## INVESTIGATION

4. On 2/24/2015, Deborah Reyes reported to the Spring Lake Police Department located in Spring Lake, North Carolina, that she had been sexually assaulted by her husband, Mr. Marco Reyes (hereinafter REYES).

5. On 6/24/2015, Mrs. Reyes provided CID SA David Morton with copies of text messages between her and REYES. The texts were dated 2/24/2015, which is the date she initially reported the sexual assault. In reference to the assault, Mrs. Reyes confronted REYES in the text messages, stating, "Not funny, you really hurt me. Why did you do that?" REYES replied, "I am horny." Mrs. Reyes continued by stating she "didn't want it" and she was still in pain. REYES replied that he was "sorry." Mrs. Reyes texted, "I told you it hurt and to stop. Why didn't you?" REYES replied that it "felt so good."

6. On 7/29/2015, the investigation uncovered a second victim. Ms. Dakota Mock was interviewed by CID SA Morton and disclosed she had been sexually assaulted by REYES on three separate occasions. Ms. Mock advised she met REYES though an online dating website and they had maintained an online relationship for approximately one and a half years, prior to meeting in person. She detailed brutal physical assaults occurring between the approximate dates of the January and June of 2015.

7. On 7/29/2015, REYES was arrested by Harnett County Sheriff's Office in Harnett County, North Carolina, for the offenses of Felony Financial Card Theft and Felony Obtaining Property – False Pretense. These charges stem from an allegation of made by a Ms. Jacqueline Alexander. Ms. Alexander additionally alleged that REYES contacted her from the Harnett County Jail and attempted to convince her to stop pursuing criminal charges against him pertaining to the financial theft.

8. On 7/30/2015, the investigation uncovered a third sexual assault victim, Ms. Andrea Cordray-Rea, located in Oregon City, Oregon. Ms. Cordray-Rea informed law enforcement that she had dated REYES prior to his entering the Army. She stated that REYES had attempted to initiate sexual contact with her, which she declined, but REYES then became angry and then assaulted her and forced his penis inside of her vagina.

9. On 7/30/2015, SA Wicks and CID SA Morton interviewed Ms. Alexander, the financial victim of REYES who had reported the theft to Harnett County law enforcement. It was determined that Ms. Alexander was a fourth sexual assault victim as well. Ms. Alexander advised that she had been sexually assaulted by REYES on or about April 2015.

10. On 7/31/2015, SA Wicks interviewed REYES, who had been released by Harnett County on bond. After being advised of his Miranda rights, REYES waived these rights and agreed to speak with SA Wicks. During this interview, REYES made admissions regarding sexually assaulting Mrs. Reyes, Ms. Cordray-Rey, Ms. Mock, and Ms. Alexander. Afterwards,

Case 5:15-mj-01942-RN   Document 1   Filed 09/03/15   Page 8 of 11

REYES was arrested by military authorities based upon sexual assault violations under Article 120 of the Uniform Code of Military.

11. On 8/4/2015, SA Morton interviewed Mrs. Reyes about REYES use of digital media. Mrs. Reyes confirmed that she had communicated with REYES via text and that he had used his cell phone. She additionally described what was confirmed to be a laptop "Panasonic Toughbook" that REYES owned. She witnessed REYES connect his cell phone to this device on numerous occasions. Your affiant, through experience and training, is aware that data is often transferred between cell phones and computers or laptops when connected together.

12. On 8/5/2015, SA Wicks and Detective Kendra Coker of the Harnett County Sheriff's Office, executed a state issued search warrant at REYES' residence, located at 343 Washington Lane, Cameron, North Carolina 28326.[2] The search warrant authorized the seizure of electronics, specifically the above-described Panasonic Toughbook. Upon executing the above listed search warrant, a rear window was found to be broken at the residence and the interior of the residence was in disarray. Cabinets were found to be left open and it appeared as though the contents had been removed in a hurry. All electronics, including the Panasonic Toughbook, were missing from the home, however, electronic device wires were observed still protruding from outlets, a power strip surge protector, and a computer modem which had been left behind.

13. On 8/5/2015, SA Wicks interviewed the neighbor of REYES. This neighbor informed SA Wicks that on or about 7/31/2015, REYES' girlfriend, Ms. Naxijani Martinez (hereinafter MARTINEZ) arrived at REYES' residence, seemed to be in a hurry, and had asked the neighbor if REYES kept a spare key to REYES' residence somewhere. The neighbor stated that MARTINEZ broke the rear window to the REYES' residence and made entry. MARTINEZ then hurriedly removed a large number of items from the home and loaded them into her white passenger vehicle.

14. On 8/6/2015, SA Wicks and CID SA Zbinden-Brassard located the sister of MARTINEZ, in Sanford, North Carolina. MARTINEZ' sister informed your affiant that MARTINEZ was residing at 706 Red Oak Farm Road, Tar Heel, North Carolina 28392.[3] MARTINEZ' sister further informed SA Wicks that MARTINEZ routinely used their father's small white passenger vehicle.

15. On 8/6/2015, SA Wicks and SA Zbinden-Brassard met with Bladen County Sheriff's Office, Corporal Daniel Clark and Deputy Channing Willaughby, and requested they respond to MARTINEZ's residence. Upon arriving at MARTINEZ's home, REYES' Dodge Durango

---

[2] Your affiant has confirmed that this address is in in Harnett County, within the Eastern District of North Carolina.

[3] Your affiant has confirmed that this address is in in Bladen County, within the Eastern District of North Carolina.

Case 5:15-mj-01942-RN   Document 1   Filed 09/03/15   Page 9 of 11

was located in front of the home, as well as a small white passenger vehicle, consistent with the description provided by REYES' neighbor and MARTINEZ' sister.

16. SA Wicks obtained written consent to search the residence from both MARTINEZ and her father, who was present at the residence. Prior to beginning the search, MARTINEZ admitted that she had entered REYES' residence and removed various items, however, she denied having removed any computer or electronics. Upon conducting a search of the master bedroom closet, belonging to MARTINEZ' father, Corporal Clark located a pink diaper bag hidden behind several items of clothing. Inside of the bag were the following items:

   - Panasonic Toughbook, S/N: CF - YCZC3003 9AKYB27279 AB – 0123456789
   - X-Box 360, S/N: 077954303008

17. MARTINEZ confirmed that the items belonged to REYES and stated she hid the items several days prior so her children would not find them. After being confronted about her truthfulness, MARTINEZ again said she had simply hid the items from her children. SA Wicks then verified with MARTINEZ' father that his daughter had hidden the items just prior to law enforcement's arrival. After being confronted with her father's statement, MARTINEZ stated that on 7/31/2015, she had removed some of REYES' personal belongings from his residence. Afterwards, REYES called her from the jail where he was confined and specifically asked if she had removed the computer.[4] MARTINEZ stated she had not, at which time REYES told her to go back to the residence and remove the computer, and if she did not, he would be in "big trouble." MARTINEZ confirmed that her sister had called and warned her that law enforcement were enroute to her father's home so she hid the items.

18. On 8/21/2015, one of REYES' victims, Ms. Alexander, contacted SA Zbinden-Brassard and informed him she had received a call from an unknown female demanding that Ms. Alexander stop pursuing criminal charges against REYES. The phone call had been from a restricted phone number however the anonymous caller identified herself as being a friend of REYES' current girlfriend. Ms. Alexander stated she was in fear based on her knowledge of REYES' violent tendencies and not knowing if the anonymous caller knew where she lived. SA Zbinden-Brassard confirmed with Verizon Wireless that the restricted phone call originated from phone number 910-549-1367, which Army CID previously verified as belonging to MARTINEZ.

19. On 8/21/2015, SA Wicks and SA Zbinden-Brassard again interviewed MARTINEZ. MARTINEZ initially denied having contacted Ms. Alexander. Once confronted with the fact that blocking a phone number did not prevent law enforcement from determining where the

---

[4] At this time, REYES had been arrested by the military, however he was being confined temporarily at the Cumberland County Jail awaiting transportation to Camp Lejeune Marine Corp Base as the military prosecution moved towards scheduling of an Article 32 hearing.

Case 5:15-mj-01942-RN    Document 1    Filed 09/03/15    Page 10 of 11

call originated from, MARTINEZ admitted she had contacted Ms. Alexander as well as another victim, Mrs. Reyes. MARTINEZ admitted she had done this in an attempt to dissuade them from pursuing criminal charges against REYES.

20. On 9/2/2015, SA Wicks met with SA Jonathan Benbow, U.S. Army CID Digital Forensic Examiner. While the forensic examination of the Panasonic Toughbook was not yet complete, it was confirmed that there existed on the Panasonic Toughbook evidence assisting in corroborating information provided by a victim of sexual assault, committed by REYES.

## CONCLUSION

21. Based on the foregoing, your affiant respectfully asserts that there is probable cause to believe MARTINEZ committed offenses in violation of 18 U.S.C. § 1512 (c) (1) and (2).

JORDAN WICKS
Special Agent, U.S. Army CID

Subscribed and sworn before me this _3rd_ day of September, 2015, in Raleigh, North Carolina.

ROBERT T. NUMBERS, II
United States Magistrate Judge